UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Huff and Senior Judge Haley


PATRICIA HENLEY

MEMORANDUM OPINION[*]

v.      Record No. 1013-14-3                PER CURIAM
                                            SEPTEMBER 23, 2014

BRISTOL DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
C. Randall Lowe, Judge

(David Eddy, on brief), for appellant.

(Edward G. Stout; Patricia E. Smith, Guardian *ad litem* for the minor
children; Curcio & Stout, PC; Bradford & Smith, P.C., on brief), for
appellee.


Patricia Henley (mother) appeals an order terminating her parental rights to her four minor

children. Mother argues that the trial court erred by (1) terminating her parental rights to her two

oldest children, who are over the age of fourteen, because "there was insufficient evidence that the

two children knowingly and expressly consented to their mother's parental rights being terminated

pursuant to Va. Code § 16.1-283(G);" (2) terminating her parental rights to her four children

because the Bristol Department of Social Services (the Department) "failed to prove, by clear and

convincing evidence, that it is not reasonably likely that the conditions which resulted in neglect

could be substantially corrected or eliminated so as to allow the children's safe return to the parent

within a reasonable amount of time, pursuant to Va. Code § 16.1-283(B)(2);"[1] (3) terminating her

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We note that the circuit court terminated mother's parental rights pursuant to Code
§ 16.1-283(C)(2), not Code § 16.1-283(B). Therefore, we will not address the second
assignment of error.

parental rights to her four children because the Department "failed to prove, by clear and convincing evidence, that it is in the best interests of all four children that the parental rights be terminated pursuant to Va. Code § 16.1-283(C);" and (4) terminating her parental rights to her four children because the Department "failed to prove that the parent, without good cause, has been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the children were placed in foster care to remedy substantially the conditions which led to or required continuation" of the children's placement in foster care. (Emphasis in original.) Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Mother, her husband, and the children had been involved with departments of social services in Tennessee and Virginia since at least April 2011. In August 2012, the family moved to a house in Bristol. On September 25, 2012, the Department received a call from one of the children's schools when the school was unable to locate mother. The Department also received a call concerning the possibility of a lack of food in the home. A social worker went to check on the family on the same date. When the social worker arrived at the house, the children and their grandmother were present. The social worker found the condition of the home to be deplorable. The house was "filthy." There was not enough food in the house for the family. The bathroom was "extremely unsanitary." Due to the condition of the home and the children, the social worker decided to remove the children. The social worker contacted mother, but she was not able to leave work and did not provide the Department with any names for a suitable relative

- 2 -

placement. The social worker also contacted the children's father, who provided names of possible relative placements, but none of the relatives could take the children. The Department placed the children in therapeutic foster care.

The juvenile and domestic relations district court (the JDR court) found that the children were neglected, upheld the removal of the children from the home, and approved a foster care plan.

The mother was charged with four counts of felony child abuse and neglect. She was arrested and subsequently pled guilty to four misdemeanor charges of contributing to the delinquency of a minor. She was incarcerated from March until July 2013.

Once the children were in foster care, they received necessary medical and dental care. Two of the children needed eyeglasses. They were academically behind their grade level in school and developmentally delayed. The oldest child suffered from anxiety and panic attacks. Three of the children started counseling with Lisa Sherfey and discussed the conditions of their home. The children told Sherfey that while living with their mother, they had not attended school regularly, they frequently were hungry, and their home did not always have electricity or running water. Sherfey explained that the children have psychological issues and will require future counseling. The fourth child attended counseling with a different counselor.

The Department provided numerous services to mother. It referred mother to professionals to conduct a parenting assessment, psychosexual assessment, and a substance abuse assessment. The Department also referred her to the housing authority and gave her a list of housing in Bristol that had open applications. The Department arranged for mother to have visitation with her children.

Dr. Rick Carroll conducted a parenting assessment on mother. He had concerns about her ability to parent the children because she did not understand the children's needs or how their living situation affected the children.

On November 20, 2013, the JDR court terminated mother's parental rights, and mother appealed the rulings to the circuit court. At the time of the circuit court hearing, mother did not have a job and was living with her husband's grandparents. Although mother completed the substance abuse assessment, parenting assessment, psychological evaluation, and psychosexual assessment, she had not enrolled in any parenting classes or been involved in individual counseling. After hearing all of the evidence and argument on February 5, 2014, the circuit court found that the termination of mother's parental rights was in the best interests of the children.[2] It held that the Department tried to locate relatives as a possible placement for the children, but no suitable relatives were found. The circuit court also found that based on the Department's evidence and the guardian *ad litem*'s report, the oldest two children, who were over the age of fourteen, consented to the termination of mother's parental rights. The circuit court found that mother did not "appreciate what the problems are for these children. . . . [S]he was under reporting the problem. And if she won't acknowledge that there's a problem[,] then you can't provide services to address the problem." According to the circuit court, the mother did not understand the children's needs and was unable to care for the children. Accordingly, it terminated mother's parental rights to her children. This appeal followed.

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support

---

[2] The children's father had signed a permanent entrustment with the Department.

it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

*Code § 16.1-283(G)*

Mother argues that the circuit court erred in terminating her parental rights to her two oldest children, who were over the age of fourteen, because there was insufficient evidence to prove that they knowingly and expressly consented to the termination of mother's parental rights.

Pursuant to Code § 16.1-283(G), "[n]otwithstanding any other provisions of this section, residual parental rights shall not be terminated if it is established that the child, if he is 14 years of age or older or otherwise of an age of discretion as determined by the court, objects to such termination."

The Department's supervisor of foster care testified that she spoke with the two oldest children about the termination of mother's parental rights. She also said the children's therapist discussed with them what it meant to have mother's parental rights terminated. The supervisor explained that the children were "struggling" with the idea of termination, but "they have come to terms that this was what is in their best interests." She testified that the children agreed to the termination.

The guardian *ad litem* reported to the circuit court that she spoke with each of the children. She explained the effects of termination of parental rights to the two oldest children. The guardian *ad litem* told the circuit court, "Neither of them [the two oldest children] believes their mother will ever do what she's supposed to do to have them back home. And both of them have said they wouldn't go back home with her if they had the choice." The guardian *ad litem* further stated, "It is my job to tell you if those children object. The older two, neither one of them objects. Both of them expect it will happen. Both of them are eager for a future separate and apart from their mother."

The circuit court stated that "based upon the testimony of the Department and the guardian ad litem, as an officer of this court, that those children over 14 have consented to this termination."

Contrary to mother's argument, there is sufficient evidence in the record to support the circuit court's finding that the two oldest children consented to the termination.[3] Both the Department's witness and the guardian *ad litem* were unequivocal that the children agreed that termination was in their best interests.

*Code § 16.1-283(C)(2)*

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that the trial court erred in terminating her parental rights pursuant to Code § 16.1-283(C)(2), which states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Mother argues that the termination of parental rights was not in the children's best interests and that she had good cause for not being able to find adequate housing within twelve months of the children being removed from the home. Mother contends she tried to apply for public housing. At first, she applied for a one-bedroom unit, but the Department informed her that she needed a three-bedroom unit. When mother tried to apply for a three-bedroom unit, she

---

[3] Mother argues for the first time on appeal that the Court Appointed Special Advocate's report contradicted the foster care supervisor's testimony and the guardian *ad litem*'s report. Since this argument was not raised below, we will not consider it. Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court.").

- 6 -

was told that she needed proof that she had children. Mother requested the children's birth certificates from the Department, but it took several weeks for the Department to provide the paperwork. Then, mother explains that she was incarcerated from March 2013 until July 2013, and the Department filed the petition for termination in August 2013. Mother still did not have adequate housing for the children in February 2014, when she appeared before the circuit court.

In issuing its ruling, the trial court noted, "This is not about not having a home for the children. That's not the issue here." The trial court explained that the reason for the termination of parental rights was that mother "does not appreciate what the problem is . . . [and] what the problems are for these children." All of the children required counseling. They struggled with school. They had hygiene issues when they entered foster care. They also needed medical and dental care. Mother, however, did not recognize the children's problems. As a result, the Department could not provide her with beneficial services, although the circuit court found that the Department provided her with the best programs they could. The trial court concluded that "as a result of living in that household[,] . . . there are tremendous needs and damages [of the children] that will take years to fix."

Mother asks for additional time to remedy her circumstances. She argues that if she had more time, she could find suitable housing and be in a better position to care for the children. However, the circuit court noted that the Tennessee Department of Children Services and the Virginia Department of Social Services had been involved with this family since April 2011. Despite their assistance, mother has not been able to meet the children's needs.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(C)(2).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>